**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEMAN BEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3179** |
| | : | |
| **YEADON POLICE OFFICER** | : | |
| **DOUGHERTY 4635,** *et al.*, | : | |
| **Defendants.** | : | |

**MEMORANDUM**

YOUNGE, J.                                             MAY  20, 2022

This matter comes before the Court by way of a Complaint (ECF No. 1) submitted by *pro se* Plaintiff Freeman Bey.  Also before the Court is Bey's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 4).  Because it appears that Bey is unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.  For the following reasons, Bey's Complaint will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Bey will be granted leave to file an amended complaint on a narrow set of claims.

**I.     FACTUAL ALLEGATIONS**[1]

Bey brings this civil rights action pursuant to 42 U.S.C. § 1983 with respect to the towing of his truck on June 23, 2021.  (ECF No. 1 at 4-6.)[2]  Bey named the following Defendants in this action: (1) Yeadon Police Officer Dougherty, 4635; (2) Seiples Collision; (3) the Yeadon Police Department; and (4) an individual by the name of Tom who is a "Tow Driver" for Seiples

---

[1] The factual allegations set forth in this Memorandum are taken from Bey's Complaint.  (*See* ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

Collision, (hereinafter, "Tow Driver Tom").  (*Id.* at 3-4.)  The factual allegations of Bey's Complaint are sparse, and the precise nature of any legal claims Bey seeks to assert arising out of these facts is a bit unclear.  However, as best as the Court can discern, Bey is raising Fourth Amendment claims challenging the fact that his truck was towed.

Bey alleges that on the morning of June 23, 2021, he was "working in the basement of the Parkview Court when [he] suddenly heard beeping" outside.  (*Id.* at 5.)  Bey claims that he "looked outside to see what the noise was and saw [his] truck on a flatbed."  (*Id.*)  Bey alleges that he then "walked outside and approached Tom the Driver" and informed him that he was committing a "federal offense[.]"  (*Id.*)  Bey claims the Defendant Tow Driver Tom "instructed [Bey] to talk to Officer Dougherty."  (*Id.*)  Bey then proceed to speak to Defendant Dougherty and informed him that he was violating Bey's constitutional rights, as well his oath as a police officer.  (*Id.*)  When Dougherty asked for Bey's driver's license and registration, Bey "responded by asking for a Superior."  (*Id.*)  Bey alleges that the superior who later arrived at the scene was "the Chief of Yeadon County's Police Department" who "assured [Bey] that what was happening was police protocol dispite [sic] [the] Constitutional Rights" Bey read to him.  (*Id.*)

Based on these sparse allegations, Bey asked the Court "to hold these officers accountable" because every time he "remind[s] an officer that they are involved in the violation of [Bey's] secured rights[,]" they just laugh at him.  (*Id.* at 6.)  Bey now demands "that the two people involved pay [$]75,000 each for their actions" as well as "[$]10,000 per person due to pain & suffering."  (*Id.*)  Finally, Bey seeks "[$]75,000 per corporate entity for continuing to allow their employees to oppress" him by "enforcing these actions as protocols with no regard to the Constitution."  (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Bey leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Moreover, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

 "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Bey is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*  However, "'pro se

litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting

*Mala*, 704 F. 3d at 245).  An unrepresented litigant, however, "'cannot flout procedural rules —

they must abide by the same rules that apply to all other litigants.'"  *Id.*

## III.    DISCUSSION

Bey brings this action for alleged violations of his civil rights pursuant to 42 U.S.C. §

1983, the vehicle by which federal constitutional claims may be brought in federal court.  (*See*

ECF No. 1 at 4.)  Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S.

42, 48 (1988).  Whether a defendant is acting under color of state law — *i.e.*, whether the

defendant is a state actor — depends on whether there is "such a 'close nexus between the State

and the challenged action' that seemingly private behavior 'may be fairly treated as that of the

State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

Pursuant to § 1983, action under color of state law requires that the one liable under that statute

have exercised power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635

F.3d 606, 609 (3d Cir. 2011).

A.       **Claims Against the Yeadon Police Department**

Bey names the Yeadon Police Department as a Defendant in this action.[3]  However,

Bey's claims against the Yeadon Police Department are not plausible.  Following the decision in

*Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police

department is a sub-unit of the local government and, as such, is merely a vehicle through which

the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp.

873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police

department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police

Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is

not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of

its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past

cases, we treat the municipality and its police department as a single entity for purposes of

section 1983 liability" citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d

Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9

n.4 (M.D. Pa. Mar. 15, 2016).  Therefore, the Yeadon Police Department is not a proper

defendant in this case under §1983 and all claims against the Department must be dismissed for

failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[4]  These claims will be dismissed with

---

[3]  When describing his interaction with the Chief of Police, Bey refers to the Yeadon Police
Department as "Yeadon County's Police Department[.]"  (ECF No. 1 at 5.)  The Court takes
judicial notice that there is no Yeadon County in the Commonwealth of Pennsylvania, and that
the Borough of Yeadon is located in Delaware County.  *See* https://www.delcopa.gov/towns.html
(last visited Jan. 10, 2022).

[4]  In any event, Bey has not stated a plausible basis for municipal liability against the Borough of
Yeadon because he has not alleged that Yeadon had a policy or custom in place that caused the
alleged constitutional violation of which he complains.  *See Monell*, 436 U.S. at 694; *Natale v.
Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

prejudice as any attempt to amend would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d

103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should

be generally be granted "unless amendment would be inequitable or futile.").

> **B.      Federal Criminal Claims**

Criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City*

*of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (per curiam) ("Brown

alleges that the defendants violated various criminal statutes, but most do not provide a private

cause of action.").  In his Complaint, Bey specifically cites 18 U.S.C. §§ 241, 242, 243.  (ECF

No. 1 at 4.)  These sections establish criminal liability for certain deprivations of civil rights and

conspiracy to deprive civil rights.  *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D.

Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v.*

*Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§

241 and 242).  However, a plaintiff cannot bring criminal charges against defendants through a

private lawsuit, and these sections do not give rise to a civil cause of action.  *U.S. ex rel. Savage*

*v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975); *see also Walthour v. Herron*, Civ. A. No. 10-1495,

2010 WL 1877704 at *3 (E.D. Pa. May 6, 2010) (no private right of action exists under 18

U.S.C. §§ 241, 242, 245, 247, 371 or 1951).  Accordingly, Bey's claims under the cited federal

criminal statutes fail to state claims and must be dismissed pursuant to § 1915(e)(2)(B)(ii) with

prejudice, as amendment would be futile.

> **C.      Claims Against Seiples Collision and Seiples Tow Driver**

Bey names both Seiples Collision and Tom, a tow truck driver allegedly employed by

Seiples, as Defendants in this matter.  (*See* ECF No. 1 at 3-4.)  With respect to Seiples Collision,

there are no factual allegations against this Defendant in the body of Bey's Complaint.  Rather,

Bey's minimal allegations only describe conduct by Tow Driver Tom.  Specifically, the Complaint alleges that after Bey "saw [his] truck on a flatbed[,]" he "approached Tom" to inform him he was committing a federal offense, and that Tow Driver Tom "instructed [Bey] to talk to Officer Dougherty."  (*Id.* at 5.)  With only these scant factual allegations, it is not clear whether Seiples Collision and Tow Driver were functioning as state actors at the time Bey's truck was towed.

    In general, private entities may "be liable under § 1983 if they have conspired with or engaged in joint activity with state actors[.]"  *Farrar v. McNesby*, 639 F. App' x 903, 906 (3d Cir. 2016) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)).  However, Bey's Complaint does not sufficiently describe the specific facts and circumstances that led to his truck being towed by Seiples Collision and Tow Driver Tom on June 23, 2021.  While it is clear that Defendant Dougherty, a Yeadon Police Officer, was on the scene at the time the truck was towed, there are no factual allegations to support the notion that the Bey's truck was towed at the direction or order of the police, rather than at the request of a private citizen or business.  Bey's Complaint also fails to comply with the requirements of Rule 8 because it does not provide enough information to put these Defendants on sufficient notice to prepare a defense or to adequately inform the Court of the issues that need to be determined in this matter.  However, cognizant of Bey's *pro se* status, the Court will grant Bey leave to amend his allegations against Seiples Collision and Tom Tow Driver if he is able to do so and state a plausible claim under § 1983.

### D.    Claims Against Defendant Dougherty

Bey asserts in a general fashion that Defendant Dougherty,[5] among others, "subjected [him] to an illegal seizure, . . . violated [his] right to travel or park on [public] roads . . . and interrupted [his] pursuit of happ[i]ness."[6]  (ECF No. 1 at 5.)  Although not specifically cited in the Complaint, the Court construes Bey's claims regarding the "illegal seizure" of his truck as arising under the Fourth Amendment.[7]  *See Vogt*, 8 F.4th at 185 (the Court will "apply the relevant legal principle even when the complaint has failed to name it.").

The United States Supreme Court has explained that the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State."  *Saenz v. Roe*, 526 U.S. 489, 500 (1999).  However, the existence of "a

---

[5] Defendant Dougherty is sued solely in his individual capacity.  (*See* ECF No. 1 at 3.)

[6] "[A]ny claim that Plaintiff was denied his right to the 'pursuit of happiness' is not a cognizable claim that may be pursued through the judicial system."  *See Walsh v. Barrasse*, Civ. A. No. 16-1494, 2016 WL 4045407, at *3 (M.D. Pa. July 28, 2016) (citing *Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996)); *see also Strauss v. Walsh*, Civ. A. No. 01-3625, 2002 WL 32341791, at *4 (E.D. Pa. Dec. 17, 2002) ("There is no abstract right to the pursuit of happiness secured by the Fourteenth Amendment.").  Accordingly, any claims Bey seeks to allege under that theory are not cognizable and will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B)(i).

[7]  In general, claims challenging the legality of searches, seizures, and pretrial detention are properly raised under the Fourth Amendment.  *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 919 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." ); *Albright v. Oliver*, 510 U.S. 266, 274 (1994) ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); *cf. Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach").

constitutional right to travel . . . does not restrict the State from regulating the use of its roads as a matter of its police powers." *Knox v. Pcobasco*, Civ. A. No. 86-2367, 1986 WL 6310, at *1 (E.D. Pa. June 4, 1986) (citing *United States v. Guest*, 383 U.S. 745, 759 n.17 (1966); *see also Carroll v. City of Philadelphia*, Civ. A. No. 87-0592, 1989 WL 114721, at *4 (E.D. Pa. Sept. 29, 1989), *aff'd*, 908 F.2d 961 (3d Cir. 1990) ("It is well established that the police powers constitutionally permit regulation of vehicles traveling the public roadways.").  It is also well-settled the "impoundment of an automobile is a Fourth Amendment seizure." *Draper v. Upper Darby Twp. Police Dep't.*, Civ. A. No. 10-1080, 2012 WL 93178, at *2 (E.D. Pa. Jan. 11, 2012).

At the outset, any claims asserting a violation of Bey's constitutional right to travel or park on public roads will be dismissed for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). *See e.g.*, *Cholerton v. Brown*, Civ. A. No. 13-8992, 2014 WL 3818049, *4 (C.D. Cal.) ("Plaintiff's fundamental right to travel is not implicated by impoundment of his vehicle and/or state requirements that he register the vehicle."), *report and recommendation accepted by*, 2014 WL 3828209 (C.D. Cal. 2014); *McCain v. Stockton Police Dept.*, Civ. A. No. 10-3170, 2011 WL 4710696, *5 (E.D. Cal. 2011) ("To the extent plaintiff contends that her fundamental right to interstate travel is violated by impoundment of her Vehicle or state requirements that she register the Vehicle and possess a valid driver's license, that claim fails as a matter of law."), *affirmed by*, 695 F. App'x 314 (9th Cir. 2017); *McDonald v. Kirkpatrick*, Civ. A. No. 07-396, 2008 WL 552850, at *2, n.1 (W.D. Wash. Feb. 27, 2008) (concluding that plaintiff failed to state a valid § 1983 claim because he failed to show that either his right to travel, or his right to free association, were violated when he was arrested and his car was impounded).  Bey's claims alleging a violation of his right to travel will be dismissed with prejudice as any attempt to amend would be futile.

With respect to Bey's Fourth Amendment claims, he has failed to allege sufficient facts to state a plausible claim that the towing of his truck amounted to an unreasonable seizure in violation of the Fourth Amendment.  Here, Bey's Complaint alleges that his truck was on the flatbed tow truck operated by Tow Driver Tom of Seiples Collision.  (*See* ECF No. 1 at 5). However, the Complaint is silent with respect to the reason the car was towed or which person or entity directed that his vehicle be towed in the first instance.  Bey makes no allegation Defendant Dougherty directed the towing of his truck that morning, nor does he allege anything beyond legal conclusions to support an inference that the towing amounted to a constitutional violation. Absent these facts, Bey's allegations suggest only a possible, rather than a plausible, basis for a Fourth Amendment claim.  *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Accordingly, the Court will dismiss Bey's Fourth Amendment claim for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), but the dismissal of this claim is without prejudice to Bey filing an amended complaint if he can allege sufficient facts to cure this pleading deficiency.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Bey leave to proceed *in forma pauperis* and dismiss Bey's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Bey will be granted leave to amend with respect to the following narrow issues: (a) whether Seiples Collision and Tow Driver Tom are state actors for purposes of § 1983; and (b) his claim that the towing of

his truck amounted to an illegal seizure in violation of the Fourth Amendment.  An appropriate

Order follows.

**BY THE COURT:**

**/s/** John Milton Younge

_____

**JOHN M. YOUNGE, J.**