**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FREEMAN BEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-3179** |
| | : | |
| **YEADON POLICE OFFICER** | : | |
| **DOUGHERTY 4635,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 20th day of May, 2022, upon consideration of Plaintiff Freeman Bey's

Motion to Proceed *In Forma Pauperis* (ECF No. 4), and Complaint (ECF No. 1) it is

**ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  The Complaint is **DEEMED** filed.

3.  For the reasons set forth in the Court's Memorandum, the Complaint is

**DISMISSED** as follows:

   a.  Bey's Fourth Amendment claims against Defendants Seiples Collision,

   Tow Driver Tom, and Officer Dougherty that the towing of his car was an illegal

   seizure are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim

   pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

   b.  All of Bey's remaining claims are **DISMISSED WITH PREJUDICE** as

   frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

   and (ii).

4.  The Clerk of Court is **DIRECTED** to **TERMINATE** the Yeadon Police

Department as a Defendant in this matter.

5.      Bey may file an amended complaint within thirty (30) days of the date of this

Order with respect to the following narrow issues: (a) whether Seiples Collision and Tow Driver

Tom are state actors for purposes of § 1983; and (b) whether the towing of his truck amounted to

an illegal seizure in violation of the Fourth Amendment.  Any amended complaint must identify

all defendants in the caption of the amended complaint in addition to identifying them in the

body of the amended complaint and shall state the basis for Bey's claims against each defendant.

The amended complaint shall be a complete document that does not rely on the initial Complaint

or other papers filed in this case to state a claim.  When drafting his amended complaint, Bey

should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as

explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk

shall not make service until so **ORDERED** by the Court.

6.      The Clerk of Court is **DIRECTED** to send Bey a blank copy of this

Court's current standard form to be used by a self-represented litigant filing a civil action bearing

the above-captioned civil action number.  Bey may use this form to file his amended complaint if

he chooses to do so.[1]

7.      If Bey does not wish to amend his Complaint and instead intends to stand on

his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of

the date of this Order stating that intent, at which time the Court will issue a final order

dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall

include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir.

2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8.   If Bey fails to file any response to this Order, the Court will conclude that Bey intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/**s**/ John Milton Younge

**JOHN M. YOUNGE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).